IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AYALA,<br><br>    Petitioner,<br><br>  v.<br><br>C. NOLL, Warden,<br><br>    Respondent. | No. C 09-3391 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1990, a jury in Los Angeles County Superior Court convicted petitioner of kidnap for robbery. The trial court sentenced him to a term of seven years to life in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole. Petitioner challenged this decision in habeas petitions filed in all three levels of the California courts. After the state petitions were denied, petitioner filed the instant federal petition.

**ANALYSIS**

As grounds for federal habeas relief, petitioner asserts that the Board violated his federal due process rights because there was not a "modicum" of evidence that he would be a present danger to society if released.

The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim challenging the sufficiency of the evidence supporting the Board's decision is without merit.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

//

//

find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March __14__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\AYALA3391.RUL.wpd